902 F.2d 44
 14 U.S.P.Q.2d 2069
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HOLLISTER INCORPORATED, Plaintiff-Appellant,
v.
E.R. SQUIBB & SONS, INC., Defendant/Cross-Appellant.
 Nos. 89-1463, 89-1496.
 United States Court of Appeals, Federal Circuit.
 April 30, 1990.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The judgment of the United States District Court for the Northern District of Illinois, No. 84-C-5871, April 19, 1989, that Hollister's U.S. Patent 4,213,458 is not infringed by E.R. Squibb & Sons' System IV and System V ostomy appliances is affirmed. That part of the judgment holding that claims 21 and 24 are not invalid is vacated, and the denial of Squibb's motion for an award of attorney fees and costs is vacated and remanded.
 
 OPINION
 
 2
 Claims 21 and 24 of Hollister's '458 patent, when construed to preserve their validity over the prior art, do not cover Squibb's System IV and V appliances. Hollister has shown no clear error in the finding that the sealing assembly of Squibb's devices is essentially the prior art picture-framed appliances such as Hollister's own Blenderm device, which ostomates or their therapists secured to the body with strips of micropore tape. It required no more than ordinary skill to replace the picture-framing with a ready-made ring of microporous material that is pre-attached to the ostomy pouch at the factory and to strengthen the adhesive bond by corona discharge or heat and pressure. Therefore, it was proper to conclude that if claims 21 and 24 were construed so broadly as to include Squibb's devices, they would also cover the prior art and be invalid. Carman Indus., Inc. v. Wahl, 724 F.2d 932, 937 n. 5 (Fed.Cir.1983).
 
 
 3
 Hollister argues that the functional language of claims 21 and 24 may be disregarded because it simply describes inherent functions of the claimed structural elements. This argument flies in the face of the "all elements" rule of claim construction. See Builders Concrete v. Bremerton Concrete Prods. Co., 757 F.2d 255, 257 (Fed.Cir.1985). Hollister relied on these limitations in its arguments to the Patent and Trademark Office to distinguish cited prior art. Therefore, it cannot now be heard to argue that this language in no way limits the scope of the claims. See LaBounty Mfg. Inc. v. United States Int'l Trade Comm'n, 867 F.2d 1572, 1574 (Fed.Cir.1989). If the functional limitations are ignored, the prior art picture-framed Blenderm device is within the scope of claim 21.
 
 
 4
 We see no reversible error in the district court's conclusion that the polyethylene backing layer of Squibb's StomahesiveR barrier does not function like the "annular attaching ring" of claims 21 and 24. At a minimum, the portion of the polyethylene layer attached to the microporous fabric does not "extend substantially linearly" when acted on by removal forces. This claim language is appropriately interpreted in light of the specification and drawings. SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1121 (Fed.Cir.1985). These show that the annular attaching ring and the adhesive patch form a straight line between the point of attachment of the attaching ring to the retainer ring and some point beyond the edge of the attaching ring and that the annular attaching ring and the adhesive patch pull away from the skin. Squibb's polyethylene-backed StomahesiveR barrier does not behave this way because, like the Blenderm patch of prior art devices, it adheres to the skin.
 
 
 5
 Because we affirm the judgment on the basis of noninfringement, it is not necessary to consider the validity of Hollister's patent claims 21 and 24. Accordingly, we vacate that portion of the judgment upholding validity and dismiss that part of the appeal as moot. Environmental Instruments Inc. v. Sutron Corp., 877 F.2d 1561, 1566 (Fed.Cir.1989).
 
 
 6
 The district court summarily denied Squibb's request for costs and attorney fees without making any findings on whether this was an exceptional case under 35 U.S.C. Sec. 285. Because we are unable to review the denial of attorney fees and costs, we remand for findings on the exceptional case issue as well as findings underlying the exercise of discretion in awarding or denying attorney fees. Badalamenti v. Dunham's Inc., 896 F.2d 1359, 13 USPQ2d 1967 (Fed.Cir.1990); see also Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 455 (Fed.Cir.1985).